IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**RONALD CARNIEWSKI,**
**DAWN CARNIEWSKI,**
**and as Next Friend for**
**THEIR TWO MINOR CHILDREN**,

    **Plaintiffs,**

vs.                                                               Case No. 4:06cv316-RH/WCS

**FLORIDA DEPARTMENT OF CHILDREN**
**AND FAMILY SERVICES, et al.,**
    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiffs, proceeding *pro se*, have filed a "motion for immediate injunctive relief." Doc. 4. Plaintiffs asserts that they have been threatened and harassed by Defendants Robinson and McCollough. *Id.* Plaintiffs allege that the two Defendants told Plaintiff Ronald Carniewski that "they could easily have him Jailed" and other similar threats. *Id.* Plaintiffs suggest that since informing these Defendants that they possess certain documents that are relevant to a state custody issue, Plaintiffs have seen vehicles following them, have had their home broken into twice, and had items taken from their home related to that case. *Id.* Plaintiffs intimate that these two Defendants must be

responsible and that Plaintiffs are in fear for their safety.  *Id.*  Plaintiffs state that they have fled their home in fear.  *Id.*

Additionally, Plaintiffs contend that several of the Defendants are attempting to deny them access to the state court proceedings concerning custody of their children and the withdrawal of Plaintiffs' parental rights.  Doc. 4, pp. 3-4.  Plaintiffs contend that Defendants are not providing them notice of hearings, are conducting *ex parte* hearings, and are withholding court orders in an effort to deny Plaintiffs their rights.  *Id.*

Plaintiffs seek injunctive orders which will preclude false charges from being filed against Plaintiffs, and directing "Defendant Newman to follow the States laws, Statutes and Constitution in serving the Plaintiffs with All pleadings and orders in a timely fashion, allowing Plaintiffs access to the courts and Their right to file notices of appeal."  *Id.*, at 4.  Plaintiffs also seek an order transferring the custody of Plaintiffs' two minor children to the Leon County Department of Children and Family Services.  *Id.*

The document is construed as a motion for a preliminary injunction.  Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding that plaintiff has established:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiffs' original complaint has been found insufficient to properly state a claim and Plaintiffs have been directed to submit an amended complaint, *see* doc. 5, Plaintiffs have not shown a substantial likelihood of success on the merits.  Additionally, the claims raised in the initial complaint, doc. 1, may contain claims which cannot be decided in this Court and over which this Court lacks jurisdiction.  Federal courts have "traditionally refrained from exercising authority over matters broadly described as 'domestic relations.'"  United States v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996), *citing* Barber v. Barber, 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898).  The authority for invoking the "domestic relations" exception originally stemmed from Barber v. Barber, 21 How. 582, 16 L. Ed. 226 (1859) in which the Supreme Court stated, albeit in dicta, "that the federal courts have no jurisdiction over suits for divorce or the allowance of alimony."  Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2209, 119 L. Ed. 2d 468 (1992), *explaining* Barber, 21 How. 582.  The Ankenbrandt Court explained that although the Constitution itself did not exclude domestic relations cases from the federal court jurisdiction, the exception exists nonetheless as a matter of statutory construction. Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2213.  The Supreme Court

has "expanded the domestic relations exception to include decrees in child custody cases." Ankenbrandt, 112 S. Ct. at 2214; In re Burrus, 136 U.S. 586, 594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890). In Burrus, the Court held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Burrus, 136 U.S. at 593-594. The Ankenbrandt Court reaffirmed these earlier cases by concluding:

> . . . that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.

Ankenbrandt, 112 S. Ct. at 2215.

It is not necessarily evident that Plaintiffs' claims will fit securely within the "domestic relations exception." It is, in part, for that reason that Plaintiffs have been directed to file an amended complaint.[1] Should the claims presented in the amended complaint be entirely separate from the child custody issues, the case may be heard and decided. That issue need not be addressed at this time; however, this entanglement with the child custody issues also points to the fact that Plaintiffs have not shown a substantial likelihood of success on the merits. Failing to make that showing, Plaintiffs have correspondingly failed to meet all four prerequisites for injunctive relief. Therefore, the instant motion must be denied.

---

[1] Part of the reason, as explained in the amendatory order entered on July 20, 2006, doc. 5, is also because the complaint is not in the proper format so that a Defendant may appropriately respond.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' motion fo a preliminary injunction, doc. 4, be **DENIED** and this case **REMANDED** for further proceedings and for consideration of Plaintiffs amended complaint when filed.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2006.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**